IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KYLE B. DYSON,

       Plaintiff,

v.                                                                          Civil Action No. 3:20cv547

HENRICO COUNTY SCHOOL BOARD,

       Defendant.

### MEMORANDUM OPINION

This matter comes before the Court on Defendant Henrico County School Board's (the "School Board") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (the "Motion to Dismiss"). (ECF No. 8.) Plaintiff Kyle B. Dyson responded, (ECF No. 10), and the School Board replied, (ECF No. 11).

This matter is ripe for adjudication. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331(a).[2] For the reasons stated below, the Court will grant the Motion to Dismiss.

---

[1] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). Dyson alleges that the School Board violated his rights pursuant to 42 U.S.C. § 2000e ("Title VII").

## I. Factual and Procedural History

Dyson brings this single-count Complaint alleging that the School Board retaliated against him for exercising his rights under Title VII, 42 U.S.C. § 2000e-3(a)[3] following his filing of a complaint of racial discrimination with the Equal Employment Opportunity Commission ("EEOC").

### A. Factual Background[4]

Dyson, an "African American male," has worked as a custodian for the School Board since 1985 and as a supervisory custodian since 1988. (Compl. ¶ 1, ECF No. 1.) The School Board "is the governing body for the public schools in Henrico County in the Commonwealth of Virginia." (*Id.* ¶ 2.)

The factual basis of the Complaint arises from Dyson's supervision of another African American custodian, Edwina Bulls. Dyson states that "[d]uring the four years [he] supervised her, Ms. Bulls bullied, harassed, and was otherwise insubordinate to Mr. Dyson." (*Id.* ¶ 17.) Dyson states that Bulls's "harassment and insubordination were enabled by his supervisors [at

---

[3] Title VII's retaliation provision states, in relevant part, that

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he [or she] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

[4] For the purpose of the Rule 12(b)(6) Motion to Dismiss, the Court will accept the well-pleaded factual allegations in Dyson's Complaint as true, and draw all reasonable inferences in favor of Dyson. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) ("a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'") (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

2

the School Board]." (*Id.*) In one instance, Bulls called Dyson a racial epithet and refused to do her job yet "was not reprimanded in any way and this behavior continued." (*Id.* ¶ 19.)

Although Dyson repeatedly reported Bulls's substandard performance and harassment to his superiors, his reports were ignored and he was dissuaded from submitting further complaints. (*Id.* ¶¶ 23–33.) For example, one supervisor "told Dyson that 'we don't want to see nothing' and to stop sending the pictures and sending emails / text messages about Bulls'[s] work." (*Id.* ¶ 30.) Dyson asserts that the School Board's "refusal to take seriously Dyson's concerns about and complaints of harassment left him with no choice but to try to resolve the issue externally." (*Id.* ¶ 33.) Therefore, on October 9, 2018, Dyson filed a complaint with the EEOC (the "EEOC Charge"), "alleging discrimination on the basis of race and retaliation for reporting Ms. Bulls to HR and his supervisors." (*Id.* ¶ 34.) "On December 3, 2018, Defendant responded to Dyson's charge." (*Id.* ¶ 35.) Dyson attaches a copy of his EEOC charge to his Complaint. (Compl. Ex. 1 "EEOC Charge," ECF No. 1-1.) In the EEOC Charge, Dyson states that his "rights have been violated under Title VII" and he has been "subjected to retaliation in violation of the same statute." (*Id.* 1.)

Following his filing of the EEOC Charge, Dyson alleges that the School Board has retaliated against him in at least seven ways, including

> [1] Dyson has been removed from the Adult Education Center facility, which he had been assigned to for many years, and assigned to work at different buildings requiring him to travel all over the County to different schools . . . [2] Dyson's overtime opportunities were stripped away . . . [3] . . . Dyson's regular work hours were also changed . . . [4] . . . Dyson has been denied computer access which he had prior to the filing of the EEOC charge [5] . . . Dyson's new uniform was withheld [6] . . . Dyson was effectively demoted, as his supervisory duties and responsibilities were stripped away [and 7] . . . Dyson was shipped all over the county and treated like a part-time substitute rather than a dedicated employee of 34 years.

(*Id.* ¶ 36.) Dyson also charges that the School Board retaliated against him by refusing to provide him with reasonable accommodations or worker's compensation after he hurt his back while working on April 8, 2019. (*Id.* ¶¶ 46, 60.)

On September 4, 2019, the EEOC issued Dyson a Right-to-Sue Letter, which lists the "Date Mailed" as September 4, 2019. (*Id.* ¶ 6; *see also* Compl. Ex. 2 "Right-to-Sue Letter" 1, ECF No. 1-2.) Dyson states that he "filed suit on the Title VII claims within ninety (90) days of receiving the notice: 3:19-cv-893." (*Id.*) Dyson then states that he "exercised his right to take statutory nonsuit, which was entered on January 15, 2020." (*Id.*) "Plaintiff files this action within 6 months of his voluntary nonsuit." (*Id.*)

Court records show that Dyson filed his previous suit in this Court, 3:19-cv-893, on December 3, 2019—eighty-nine days after the EEOC issued Dyson the Right-to-Sue Letter—alleging violations of Title VII, the ADA, and the Rehabilitation Act.[5] (3:19-cv-893, ECF No. 1.) Forty-three days later, on January 15, 2020, upon Dyson's motion, United States District Court Judge Henry E. Hudson dismissed that action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[6] (*Id.*, ECF No. 11.) Six months later, on July 15, 2020, Dyson filed the instant Complaint.

---

[5] "[A] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (reiterating that the Court may also properly "consider documents that are explicitly incorporated into the complaint by reference . . . and those attached to the complaint as exhibits"). Because Dyson refers to his prior case before this Court and the documents filed in that case—and because those documents are public records the authenticity of which neither party disputes—the Court may consider them here.

[6] Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows a plaintiff to voluntary dismiss an action "without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

### B. Procedural History

On August 17, 2020, the School Board filed the Motion to Dismiss, (ECF No. 8), arguing that the applicable statute of limitations in Title VII bars Dyson's suit and Dyson otherwise fails to state a claim upon which relief can be grant. Dyson responded, (ECF No. 10), and the School Board replied, (ECF No. 11).

The Court will grant the Motion to Dismiss. Title VII provides that a plaintiff must file his or her claim within 90 days of their receipt of notice of their right-to-sue letter. 42 U.S.C. § 2000e-5(f). Dyson's claim, filed 129 days beyond that deadline, is untimely.

### II. Standard of Review: Federal Rule of Civil Procedure 12(b)(6)[7]

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief

---

[7] "The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (internal citations omitted). Therefore, the Court will analyze the School Board's claims that Dyson's suit is untimely under Rule 12(b)(6). *See, e.g., Walsh v. Greater Richmond Ass'n for Retarded Citizens*, No. 3:18cv292, 2018 WL 6592496, at *2 n.9 (E.D. Va. Dec. 14, 2018) (finding that "Rule 12(b)(6) provides the proper standard of review . . . to apply to the requirement that a plaintiff timely file suit in district court following receipt of a right-to-sue letter from the EEOC.")

are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is context specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678–79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus., Inc.*, 637 F.3d at 440)). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### III. Analysis

Because Dyson filed his present suit after the statutory deadline provided in Title VII, his suit is untimely. The Court must therefore grant the School Board's Motion to Dismiss and dismiss the Complaint without prejudice.

A.  **Legal Standard:  Title VII's Statute of Limitations**

Title VII requires a plaintiff to file a complaint in federal court within 90 days of the receipt of a right-to-sue letter issued by the EEOC. 42 U.S.C. § 2000e-5(f). Courts within the jurisdiction of the United States Court of Appeals for the Fourth Circuit strictly construe the 90-day time limit in which a plaintiff must file suit following receipt of a right-to-sue letter. *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2013) (ADEA) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987) (Title VII); *Boyce v. Fleet Finance Inc.*, 802 F. Supp. 1404 (E.D. Va. 1992) (Title VII). The time limit begins when either the plaintiff or the plaintiff's attorney receives the right-to-sue letter. *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 93 (1990). While the Fourth Circuit has not directly addressed this issue, federal courts in Virginia have concluded that the plaintiff bears the burden of demonstrating that he or she timely filed his or her claim after receiving notice from the EEOC of his or her right to sue. *Darden v. Cardinal Travel Ctr.*, 493 F. Supp. 2d 773, 775–76 (W.D. Va. 2007); *see also Williams v. Enter. Leasing Co.*, 911 F. Supp. 988, 993 (E.D. Va. 1995) ("the Court is persuaded that the burden of proving that the limitations period has been satisfied falls on the plaintiff once the issue has been appropriately raised by the defendant.").

"Of course, if the actual date of receipt is confirmed by evidence, that date governs." *Nguyen v. Inova Alexandria Hosp.*, No. 98cv2215, 187 F.3d 630, at *3 (4th Cir. July 30, 1999) (citations omitted). But "[w]hen the date that a potential plaintiff received actual notice of right to sue is disputed or unknown, [Federal Rule of Civil Procedure] 6(e)[8] creates the presumption

---

[8] The current version of the three-day presumption can be found in Federal Rule of Civil Procedure 6(d), *see Scott v. Hampton City Sch. Bd.*, No. 4:14cv128, 2015 WL 1917012, at *3 (E.D. Va. Apr. 27, 2015), which states that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)," Fed. R. Civ. P. 6(d).

7

that notice was received three days after it was mailed." *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796–97 (E.D. Va. 2007) (citing *Nguyen*, 1999 WL 556446, at *3). A plaintiff may rebut this presumption with contrary evidence. *Scott*, 2015 WL 1917012 at *3 (citing *Nguyen*, 1999 WL 556446 at *3).

If the Court finds that the plaintiff filed his or her complaint more than 90 days after receipt of the right-to-sue letter, the Fourth Circuit has adopted a flexible rule which allows a court to then determine whether equitable tolling applies. *See Harvey*, 813 F.2d at 654. Courts in the Fourth Circuit engage in a "case-by-case examination to determine if an equitable tolling of the filing period is appropriate." *Nguyen*, 1999 WL 556446, at *3 (citations and quotation marks omitted). The doctrine of equitable tolling is to be employed "sparingly." *Irwin*, 498 U.S. at 96. "Equitable tolling has long been considered an extraordinary remedy in this circuit, and litigants face a considerable burden to demonstrate that it applies." *Hazlegrove v. Colonial Pipeline Co.*, No. 3:18cv284, 2018 WL 6683030, at *4 (E.D. Va. Dec. 19, 2018) (citing *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015)). For equitable tolling to apply, the plaintiff must show: "(1) extraordinary circumstances, (2) beyond [her or] his control or external to [her or] his own conduct, (3) that prevented [her or] him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse*, 339 F.3d at 246). The Supreme Court has cautioned against the expanded use of the equitable tolling doctrine, stating that "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (citation and quotation marks omitted).

### B. Title VII's 90-Day Statute of Limitations Bars Dyson's Suit

Title VII's 90-day statute of limitations bars Dyson's second suit in this Court. Because Dyson does not allege a date of receipt of the Right-to-Sue Letter, the Court applies the three-day presumption in Rule 6(d) and assumes that Dyson received the Right-to-Sue Letter on September 9, 2019—three business days after the EEOC mailed the letter on September 4, 2019. *See* Fed. R. Civ. P. 6(d). Dyson therefore had until Monday, December 9, 2019 to file the present suit.[9] Dyson did not file suit until July 15, 2020.

The language of Title VII is unambiguous: a civil litigant may bring his or her suit within 90 days of receiving notice of his or her right-to-sue from the EEOC. 42 U.S.C. § 2000e-5(f). Here, Dyson brought this suit 219 days after receiving the Right-to-Sue Letter and 129 days after the 90-day limit provided for in Title VII.[10] Title VII's statute of limitations therefore bars this action.

Dyson argues, without citation, that "the Federal Rule is clear that when a Plaintiff elects to nonsuit per [Rule 41], the state law governing nonsuits will control." (Mem. Opp. Mot.

---

[9] Because the 90th day from September 9, 2019 fell on Sunday, December 8, 2019, Dyson would have had until Monday, December 9, 2019 to file his lawsuit. *See* Fed. R. Civ. P. 6(a)(1)(C).

[10] Although it would not affect the outcome here, the Court notes, in making its calculation, that the forty-three days Dyson's prior suit was pending does not toll Title VII's statute of limitations. Generally, "the statute of limitations is not tolled by bringing an action that later is dismissed voluntarily under Rule 41(a)." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2367 (4d ed. 2020). Therefore, "[i]f a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit has never been filed. For purposes of the statute of limitations, the plaintiff receives no credit for tolling for the time that elapsed during the pendency of the original suit." *Hewlett v. Russo*, 649 F. Supp. 457, 460 (E.D. Va. 1986) (citations and quotation marks omitted); *see also Neal v. Xerox Corp.*, 991 F. Supp. 494, 498 (E.D. Va. 1998) (collecting cases regarding dismissal of time-barred Title VII suits).

Dismiss 4, ECF No. 10.) Dyson contends that Virginia Code § 8.01-229,[11] allowing for the tolling of statutes of limitations after the plaintiff takes a "voluntary nonsuit," should apply to his claims. Va. Code Ann. § 8.01-229(E). Dyson's invocation of the Virginia tolling statute fails because federal procedure and law governs.

When Congress has provided a federal statute of limitation for a federal claim such as Title VII, state tolling provisions do not apply. As the Fourth Circuit has stated, where a "plaintiff voluntarily dismisses a lawsuit that was brought in federal court, asserted a purely federal claim, and was subject to a federal statute of limitations, state savings statutes do not apply." *Birch v. Peters*, 25 F. App'x 122, 123 (4th Cir. 2001) (per curiam). Other federal courts in Virginia have explicitly rejected Dyson's argument that the Virginia tolling provisions in § 8.01-229 save a Title VII claim filed outside a federal statute of limitations. *Pendleton v. Nat'l Wildlife Fed'n*, No. 5:10cv09, 2010 WL 1212566, at *4 (W.D. Va. Mar. 26, 2010) (finding "that the 90-day period of limitation applicable to the plaintiff's Title VII claims was not tolled . . . [by] Virginia Code § 8.01–229"); *Neal*, 991 F. Supp. at 499 (finding that because plaintiff "brings a federal Title VII action that is governed by a federal 90 day limitations period, Virginia's non-suit provision does not save her claim"); *Hewlett*, 649 F. Supp. at 460 (finding

---

[11] Virginia Code § 8.01-229(E)(3) provides, in relevant part, that

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action . . . and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Va. Code Ann. § 8.01-229(E)(3).

10

that where Title VII establishes a statute of limitations "it would be inappropriate . . . to look to [Va. Code §] 8.01-229 to toll the running of the limitations period.") Because Dyson asserts a "purely federal claim . . . subject to a federal statute of limitations," the Virginia tolling provisions in § 8.01-229 do not apply to save his untimely Title VII claim. *Birch*, 25 F. App'x at 123.

Title VII's 90-day statute of limitations bars Dyson's present action. Dyson does not argue that his case justifies the extraordinary remedy of equitable tolling. Indeed, he explicitly contends otherwise when saying "[t]his is not an instance where Plaintiff is seeking equitable tolling. Rather, it is statutory tolling." (Mem. Resp. Mot. Dismiss 4, ECF No. 10.) The record does not suggest otherwise.[12] The Court will therefore grant the School Board's Motion to Dismiss.

### IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss. (ECF No. 8.) The Court will dismiss Dyson's Complaint without prejudice.

An appropriate Order shall issue.

/s/
_____
M. Hannah Lauck
United States District Judge

Date: 12/16/20
Richmond, Virginia

---

[12] Dyson argues that this Court should follow *Rice v. Alpha Security Inc.* wherein the court held that "[w]hile the Virginia statute tolls the time for service during a nonsuit, such tolling does not apply where the nonsuit is later vacated." (Mem. Resp. Mot. Dismiss 5 (citing 940 F. Supp. 2d 321 (E.D. Va. 2013), *overruled on separate grounds*, 556 F. App'x 257 (4th Cir. 2014).) However, *Rice* is inapposite. Unlike the federal timeliness issue here, the service requirements in *Rice* arose "under Virginia civil procedure" because the suit was initially filed in Virginia state court, *id.* at 325, and the federal courts were called to evaluate pre-removal conduct, which is subject to state, not federal law. *Rice* did not address the effect of a Virginia nonsuit on a federal statute of limitations. Here, where Dyson has filed a federal claim in federal court subject to federal statute of limitations, federal rules apply. And those same federal rules, specifically Rule 41 and Title VII's statute of limitations, bar his suit.

11